Rory C. Quintana (SBN 258747)
QUINTANA HANAFI, LLP
870 Market St., Ste. 1115
San Francisco, CA 94102
Telephone: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorney for Plaintiff Heidi Farrara*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEIDI FARRARA,** an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>**DAY WIRELESS SYSTEMS** an Oregon corporation, inclusive,<br><br>   Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR FAILURE TO PAY WAGES; FAILURE TO PAY WAGES UPON TERMINATION; VIOLATION OF CALIFORNIA EQUAL PAY LAW;  DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT; HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT; FAILURE TO PREVENT HARASSMENT; RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT; RETALIATION IN VIOLATION OF THE LABOR CODE;  AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>DEMAND FOR JURY TRIAL |

  Plaintiff HEIDI FARRARA (herein "Plaintiff" or "Farrara"), for claims for relief against Defendants DAY WIRELESS SYSTEMS (herein "Day" or "Defendant") and alleges:

///

///

///

COMPLAINT FOR DAMAGES

## NATURE OF THIS ACTION

1.     This is an action for relief from Defendants' violations of the California Fair Employment and Housing Act (herein "the FEHA") and for Defendant's wrongful termination of Plaintiff in violation of public policy.

2.     Plaintiff seeks compensatory, general and punitive damages, reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of her rights.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and the parties are citizens of different States, specifically, Defendant is headquartered and has its principal place of business in Oregon and Plaintiff is a citizen of California.

4.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

5.     Pursuant to Eastern District Local Rule 120(d) this action should be assigned to Sacramento, California, as the actions giving rise to Plaintiff's claims took place in Butte County, California.

## PARTIES

6.     Plaintiff is a U.S. citizen and a resident of Glenn County in this judicial district.

7.     Plaintiff is an adult female, aged 61 years old.

8.     Plaintiff began working for Defendant on or about May 15, 2017.

9.     At the time of her termination, Plaintiff was an otherwise qualified person within the meaning of the FEHA. At all relevant times, Plaintiff was an employee as defined under California Government Code section 12926(c) and pursuant to the California Labor Code and relevant Industrial Welfare Commission Wage Order.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant is an Oregon corporation, with its principle headquarters at 4700 SE International Way, Milwaukie, Oregon. Plaintiff is informed and believes and based thereon alleges that Defendant is registered

2

to do business in California, Corporation Number C1605692.  At all relevant times, Defendant was an employer as defined under Government Code section 12926(d) and pursuant to the California Labor Code and relevant Industrial Welfare Commission Wage Order.

11.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue those Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of those fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

12.     Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were, at all times relevant to this action, the agents, employees, representing partners, supervisors, managing agents, joint venturers, joint employers of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.  Defendants are sued both in their own right and on the basis of *respondeat superior*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     On June 10, 2019, Plaintiff properly notified the Department of Fair Employment and Housing of her intent to sue Defendant and has received a "right-to-sue notice" prior to filing this complaint.  A true and correct copy of Plaintiff's "right-to-sue notice" is attached hereto as Exhibit A.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.     Plaintiff began working for Defendant on or about May 15, 2017 as a Wireless Systems Sales Representative. In her role, Plaintiff managed Commercial and Public Safety Accounts for two-way communications for the markets of Sacramento to Redding, California.

15.     Based on her success, Plaintiff was promoted to Territory Sales Manager on December 1, 2017.

COMPLAINT FOR DAMAGES

1   16. Plaintiff reported to Defendant's Chico, California office where she worked

2 alongside two service technicians.  Her "zone manager" Mitch Gonzalez and the Service

3 Manager, Steve Doherty, were remote to her and working out of Defendant's Benicia, California

4 office.

5   17. In her role, Plaintiff was part of a team of 45 people, 40 of whom were male.

6   18. During her interview with the VP of Sales, Plaintiff was discouraged from

7 pursuing the sales position and it was suggested that she might be more suitable in an

8 administrative role, "like other women within the company".  Ultimately, based on Plaintiff's

9 experience, she was offered the Wireless System Sales Representative role.

10   19. From the outset of her employment, Plaintiff's female co-workers expressed

11 grave concerns about Mr. Doherty.

12   20. Mr. Doherty operated the Service Department and maintained a different set of

13 incentives than the sales department, specifically around the servicing of older products as

14 opposed to selling new products.

15   21. Plaintiff was immediately successful in her role, exceeding her sales projections

16 within months of employment.

17   22. On or about June 22, 2017, Plaintiff witnessed Mr. Doherty verbally attack and

18 then assault office manager, Allison Robinson. Following this incident, Mr. Doherty contacted

19 Plaintiff and suggested that she provide a statement in his defense.  Plaintiff refused to do so and

20 instead reported the issue to human resources. Following the incident, Ms. Robinson resigned her

21 position and Plaintiff believes that Mr. Doherty was not disciplined for his actions.

22   23. Immediately after this incident, Mr. Doherty's hostile treatment worsened.

23 Specifically, Mr. Doherty began holding Plaintiff's client's orders in the Benicia office for

24 months after they arrived.  Mr. Doherty also refused to provide demo radios to Plaintiff, despite

25 providing them to her male counterparts.  These actions had a direct impact on Plaintiff's

26 presentation and potential sales.

27   24. In addition to the actions described above, Mr. Doherty also had Plaintiff's name

28 removed from orders and replaced them with his name, Mr. Gonzalez' name, or other male

COMPLAINT FOR DAMAGES

employee's names. Additionally, after products were delivered and/or installed, customer billing invoices were not sent to the corresponding client for months after delivery and/or installation of the products. This delay had a direct impact on the payment of Plaintiff's commissions.

25.    In addition to the adverse impact to her work, Mr. Doherty also engaged in direct hostile behavior, threatening to have Plaintiff fired and sending unprofessional and combative emails to Plaintiff.

26.    In or around August 2017, Plaintiff first complained to Mr. Gonzalez and VP of Sales, Mike Ishida about Mr. Doherty's harassing behavior.

27.    Thereafter, on multiple occasions, Plaintiff complained to Mr. Ishida and Mr. Gonzalez about Mr. Doherty's abusive and discriminatory behavior. Despite these complaints no corrective actions were taken.

28.    In addition to the harassing treatment by Mr. Doherty, Plaintiff was also treated differently than her younger, male counterparts. As but one example, Greg Weisman was hired months after Plaintiff and assigned to the Bay Area. Similar to Plaintiff, Mr. Weisman was assigned to work on commercial and public safety accounts. Unlike Plaintiff, Mr. Weisman was provided training not afforded to Plaintiff and was paid a higher salary than Plaintiff, despite having less experience and less seniority than Plaintiff. Additionally, Mr. Weisman was provided clients in Plaintiff's area that should have been provided to Plaintiff as the clients were in her assigned territory.

29.    Other examples of discriminatory treatment included:

        a.    Male counterparts were allowed to skip to sales meetings;

        b.    Male counterparts were provided administrative support while Plaintiff was not;

        c.    Mr. Doherty would not respond to service request, demo requests, or attend prescheduled customer appointments for Plaintiff, but did so for her male counterparts;

        d.    Male employees were provided more lucrative referrals and larger accounts than female employees;

        e.    Male employees were not required to attend in person meetings;

COMPLAINT FOR DAMAGES

1            f.       Male employees were treated to free lunches;

2            g.       Male employees were allotted additional vacation days and other benefits

3 denied to Plaintiff;

4            h.       Male employees were provided an office, a designated desk, a landline

5 phone, working copier, a breakroom and a designated restroom.  Plaintiff had to work in a dark,

6 damp warehouse that lacked a desk, phone and designated restroom;

7            i.       All incoming calls by customers in Plaintiff's territory were routed

8 internally to Mr. Doherty;

9            j.       The restroom in Chico was on-site and single occupancy, any-gender.

10 Plaintiff's male counterparts often left the restroom a mess. When Plaintiff complained about the

11 state of the bathroom, Mr. Doherty recommended that Plaintiff be assigned the duty of cleaning

12 the restroom;

13            k.       When Plaintiff won incentive contests, the award would either not be paid

14 or delayed.  However, when Plaintiff's male counterparts won an incentive contest, they would

15 be paid immediately.

16            l.       Plaintiff's male counterparts were provided shirts and jackets to wear and

17 would receive seasonal treats and bonuses.  Plaintiff was not provided any of these items'

18     30.     When Plaintiff was first hired, she was offered a salary of $48,000 plus

19 commission.  However, when she started, she was only paid $42,000 per year.  When Plaintiff

20 complained, she was told this was a mix-up with HR.  However, no one ever followed up and

21 rectified the issue.  Plaintiff later learned that her male counterparts of equal or lesser experience

22 and seniority were paid a higher salary than her.

23     31.     On or about June 5, 2018, Plaintiff filed a written complaint about gender

24 discrimination and harassment to Defendant's CEO Gordon Day and Mr. Ishida.  At the same

25 time, Plaintiff reached out to the Department of Fair Employment and Housing ("DFEH"), the

26 Equal Employment Opportunity Commission ("EEOC") and the Department of Labor Standards

27 Enforcement ("DLSE").

28

COMPLAINT FOR DAMAGES

32.     Following her complaint, on June 5, 2018, Plaintiff was informed that all of her public safety clientele, with whom Plaintiff had been building relationships and cultivating contracts, would be reassigned to Mr. Weisman.  Plaintiff was told that the reason for this transfer of her clients was that Mr. Weisman had more training in this area of sales.

33.     Thereafter, top customer accounts were taken from Plaintiff and it was shared with Plaintiff that Mr. Gonzalez and Mr. Doherty were presenting her proposals.  Mr. Gonzalez was notifying customers that Plaintiff was no longer their representative.

34.     On or about June 19, 2018, Plaintiff verbally complained to HR and Mr. Ishida about the taking of her clients.  No action was taken, but Plaintiff learned that her complaints had been made known to the people about whom she had complained.  As a result, Plaintiff because a target of ongoing retaliation, including without limitation: (1) failure and/or refusal to pay commissions; (2) failure and/or refusal to provide accurate and current sales leads; (3) interference with existing accounts; and (4) sabotaging her accounts via misrepresentation and neglect of customer needs.

35.     On or about June 26, 2018, Plaintiff again complained in writing about discrimination, harassment and retaliation. In this complaint, Plaintiff requested a third-party investigation.  No third-party investigation took place.

36.     On or about June 27, 2018, Plaintiff informed HR of medical problems from which she was suffering as a result of the harassment and retaliation.  Plaintiff requested the necessary forms regarding these medical issues.  Defendant refused to provide the documents to Plaintiff.

37.     On or about July 2, 2018, Plaintiff's physician recommended that she take medical leave related to the stress caused by her increasingly hostile work environment. Defendant provided her leave.

38.     While on medical leave, Mr. Gonzalez, Mr. Doherty and Mr. Ishida called Plaintiff and demanded that she attend morning meetings despite being on leave.  Additionally, Plaintiff was also sent demands to respond to customer issues and concerns while on leave.

COMPLAINT FOR DAMAGES

39.     While on leave, Plaintiff received calls from customers complaining that Defendant was failing to provide service that had been promised.  Additionally, these customers complained that Defendant was insisting they sign new contracts and/or failing to follow-up on essential matters and generally undermining and interfering with relationships Plaintiff had built and developed.

40.     On or about July 31, 2018, Defendant terminated Plaintiff's employment.

**FIRST CAUSE OF ACTION**
**Failure to Pay Wages**
**(California Labor Code §§ 200, 204)**

41.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

42.     Wages are required by California Labor Code § 200 to include all amounts earned for labor performed.

43.     Commissions are considered wages under California law.

44.     At all relevant times, Plaintiff worked pursuant to a commission agreement provided to her by Defendant.

45.     Plaintiff performed all duties required of her pursuant to the commission agreement necessary to earn commissions.

46.     Defendant failed to pay Plaintiff all wages pursuant to the commission agreement.

47.     As a legal result of the aforementioned violations, Plaintiff has suffered harm and is entitled to recover unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages Upon Termination**
**(California Labor Code §§ 201, 203)**

48.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

49.     Labor Code § 201 requires employers to pay all wages earned and unpaid immediately upon termination of employment.

8

50.     Defendant failed to pay Plaintiff all unpaid wages, including commissions, upon her termination on or about July 31, 2018 or thereafter.

51.     Defendant willfully failed to pay Plaintiff her wages within the time prescribed by law and therefore Plaintiff is entitled to waiting time penalties pursuat to Labor Code § 203, equal to a day's wages for each day she was required to wait for her wages, up to thirty days.

**THIRD CAUSE OF ACTION**
**Violation of California Equal Pay Act**
**(California Labor Code § 1197.5)**

52.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

53.     Defendant, at all relevant times, was required to comply with the California Equal Pay Act, Labor Code § 1197.5.  This law prohibits paying an employee at wage rates less than the members of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

54.     Throughout Plaintiff's employment, Defendant willfully violated the California Equal Pay Act by paying Plaintiff at wage rates less than males in the same establishment for equal work on jobs the performance of which required equal skill, effort and responsibility and which were performed under similar working conditions.

55.     As a proximate result of Defendant's willful, knowing and intentional violations of the California Equal Pay Act, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

56.     As a proximate result of Defendant's willful, knowing and intentional violation of the California Equal Pay Act, Plaintiff has incurred, and will continue to incur interest, attorneys' fees and costs.

///

///

///

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**
**Discrimination in Violation of FEHA**
**(California Government Code § 12940(a))**

57.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

58.     At all times herein mentioned, FEHA, Government Code § 12940 *et seq*., was in full force and effect and binding on Defendant.  This statute requires Defendant to refrain from discriminating against any employee on the basis of sex.

59.     During Plaintiff's employment with Defendant, Defendant, through its agents, managers, supervisors and employees, discriminated against Plaintiff because of her gender by harassing her, treating her less favorably in the terms and conditions of employment, denying her opportunities and subjecting her to adverse employment actions.

60.     As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional distress, loss of self-esteem, grief, stress, anxiety, stigma, loss of her career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

61.     As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

62.     The aforementioned conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages.  Plaintiffs are further informed and believe and thereon allege that this advance knowledge, or acts of oppression, fraud, or malice or act of ratification or authorization were on the part of the owners or other managing agents acting on behalf of Defendant.

**FIFTH CAUSE OF ACTION**
**Harassment in Violation of FEHA**
**(California Government Code § 12940(j))**

63.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

COMPLAINT FOR DAMAGES

64.     At all times herein mentioned, FEHA, Government Code § 12940 *et seq*., was in full force and effect and binding on Defendant.  This statute requires Defendant to refrain from harassing any employee on the basis of sex.

65.     Plaintiff was subjected to unwanted harassing conduct by Defendant because of her gender.

66.     The harassing conduct was severe and pervasive.

67.     A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

68.     Defendant, and more specifically, Plaintiff's supervisors and Mr. Doherty, treated Plaintiff in a manner that they did not treat male employees.

69.     As a direct and proximate result of the violation of her rights under the FEHA, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional distress, loss of self-esteem, grief, stress, anxiety, stigma, loss of her career, loss of future earning capacity, humiliation, and loss of enjoyment of life.

70.     As a further proximate result of this conduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

71.     On information and belief, in doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and she is therefore entitled to punitive damages in an amount according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**
**Failure to Prevent Harassment in Violation of FEHA**
**(California Government Code § 12940(k))**

72.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

73.     Defendant failed to implement adequate training, policies or instructions that would have prevented the aforementioned unlawful conduct to which Plaintiff was subjected, despite Plaintiff's repeated complaints to Defendant.  Defendant breached that duty by failing to take all reasonable steps to prevent the harassment, which resulted in further harassment and

COMPLAINT FOR DAMAGES

1 | retaliation suffered by Plaintiff as described above.  Accordingly, Defendant has violated

2 | Government Code § 12940(k) and Title 2 of the California Code of Regulations section

3 | 7287.6(3).

4 |      74.     As an actual and proximate result of the aforementioned violations, Plaintiff

5 | suffered general and emotional distress damages in an amount according to proof.

6 |      75.     Defendant's failure to take all reasonable steps to prevent harassment and

7 | retaliation was a substantial factor causing Plaintiff's harm.

8 |      76.     The aforementioned conduct, including the harassment and retaliation, constitutes

9 | oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages.

10 | Plaintiff is further informed and believes, and thereon alleges that this advance knowledge or

11 | acts of oppression, fraud, or malice or act of ratification or authorization were on the part of

12 | Defendant's managing agents.

13 | **SEVENTH CAUSE OF ACTION**
**Retaliation in Violation of FEHA**

14 | **(California Government Code § 12940(h))**

15 |      77.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if

16 | they were set forth here in full.

17 |      78.     Plaintiff frequently complained to Defendant about gender discrimination and

18 | harassment in the workplace, as alleged herein, which is a protected activity under California

19 | Government Code § 12940(h).

20 |      79.     Defendant, rather than taking adequate remedial measures in response to

21 | Plaintiff's complaints, retaliated against Plaintiff by permitting a hostile work environment,

22 | removing her customers, failing to pay her commissions, and terminating her employment.

23 | Plaintiff's complaints were a substantial motivating reason for Defendant's retaliatory conduct as

24 | alleged herein.

25 |      80.     As a direct and proximate result of Defendant's conduct as described herein,

26 | Plaintiff has suffered harm including lost wages and emotional distress in an amount to be

27 | proven at trial.

28 |

COMPLAINT FOR DAMAGES

81.   Defendant's retaliatory conduct as alleged herein, was a substantial factor in causing Plaintiff's harm.

82.   On information and belief, in doing the acts herein alleged, Defendant acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

83.   As a further proximate result of this harassment, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

### EIGHTH CAUSE OF ACTION
**Retaliation in Violation of Cal. Labor Code**
**(California Labor Code § 98.6)**

84.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

85.   Plaintiff exercised her rights afforded her under the Labor Code, specifically, by complaining to her employer about working conditions, the payment of wages, including but not limited to commissions, and informing her employer that she would file a claim with the DLSE.

86.   In response to Plaintiff's complaints, Defendant retaliated by harassing her and subjecting her to adverse employment actions, including removing customers, failing to pay commissions in a timely manner and ultimately terminating her employment in violation of Labor Code § 98.6.

87.   As a direct and proximate result of her termination, Plaintiff has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

88.   On information and belief, in doing the acts herein alleged, Defendant acted with oppression, fraud, malice and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

89.   As a further proximate result of this harassment, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees and costs according to proof.

///

## NINTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

90.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

91.     It is the policy of the State of California to prevent employers from discriminating against employees in terms of employment based on an employee's gender.

92.     It is the policy of the State of California to prevent employers from retaliating against employees who complain about harassment and discrimination.

93.     It is the policy of the State of California to prevent employers from retaliating against employees who complain about Labor Code violations, including the payment of wages.

94.     Plaintiff's complaints about harassment, discrimination, and payment of commissions were all motivating factors in Defendant's decision to terminate Plaintiff's employment.

95.     As a proximate result of Defendant's actions, described in the general allegations, Plaintiff has suffered the loss of wages/salary, benefits, and additional amounts of money Plaintiff would have received had she not been retaliated against, which actions resulted in her unlawful termination.

96.     As a further proximate result of Defendant's actions, Plaintiff has been harmed in that Plaintiff has suffered mental anguish and emotional distress in an amount to be established at trial.

97.     Plaintiff further alleges that Defendant acted with fraud, oppression and malice thus entit7ing Plaintiff to recover punitive damages sufficient to punish and make an example of the Defendant and each of them.

98.     Wherefore, Plaintiff prays for judgment against Defendant as hereinafter set forth below.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this court:

14

COMPLAINT FOR DAMAGES

1.      That the court determine that the Defendants' actions as alleged violated the FEHA;

2.      For injunctive relief requiring Defendants to conduct training for all employees, supervisors, and management on the requirements of the FEHA, the rights and remedies of those who allege a violation of the FEHA, and to permanently prohibit Defendants from engaging in any future discriminatory or retaliatory acts against Defendants' employees;

3.      Order Defendants to pay Plaintiff for the wages, salary, employment benefits, pension benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the law, in an amount to be proven at trial; Order Defendant to pay Plaintiff unpaid wages, including without limitation, unpaid commissions; Order Defendants to pay Plaintiff compensatory damages for Plaintiff's emotional pain and suffering.

4.      Order Defendants to pay Plaintiff exemplary damages;

5.      Order Defendant to pay penalties;

6.      Order Defendants to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

7.      Order Defendants to pay Plaintiff interest on such damages as are appropriate, including pre- and post-judgment interest; and

8.      Grant such other and further relief as this court may deem proper and just.

### JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated: June 9, 2020          Respectfully submitted,

QUINTANA HANAFI, LLP

By: _____

Rory C. Quintana
*Attorney for Plaintiff Heidi Farrara*

COMPLAINT FOR DAMAGES

# EXHIBIT A

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 10, 2019

Heidi Farrara
1344 Kate Court
Orland, California 95963

RE:  **Notice to Complainant**
     DFEH Matter Number: 201906-06445210
     Right to Sue: Farrara / Day Wireless Systems

Dear Heidi Farrara:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 10, 2019

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 201906-06445210
        Right to Sue: Farrara / Day Wireless Systems

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 10, 2019

Heidi Farrara
1344 Kate Court
Orland, California 95963

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201906-06445210
        Right to Sue: Farrara / Day Wireless Systems

Dear Heidi Farrara,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 10, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Heidi Farrara                                          DFEH No. 201906-06445210

                              Complainant,

vs.

Day Wireless Systems
4700 SE International Way
Milwaukee, Oregon 97222

                              Respondents

_____

1. Respondent **Day Wireless Systems**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Heidi Farrara**, resides in the City of **Orland** State of **California.**

3. Complainant alleges that on or about **July 31, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, family care or medical leave (cfra) (employers of 50 or more people), age (40 and over), other, sexual harassment- hostile environment, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's sex/gender, family care or medical leave (cfra) (employers of 50 or more people), age (40 and over), other, sexual harassment- hostile environment and as a result of the discrimination was terminated, denied equal pay, demoted, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment

Date Filed: June 10, 2019

complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied hire or promotion, denied equal pay, demoted, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** This has been filed with the EEOC which has issued a "Right to Sue" on April 8, 2019. I am looking for the co-filing. Charge No. 550-2019-00454.

-2-

*Complaint – DFEH No. 201906-06445210*

Date Filed: June 10, 2019

VERIFICATION

I, , am the  in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 10, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

-3-
*Complaint – DFEH No. 201906-06445210*

Date Filed: June 10, 2019