RORY C. QUINTANA (SBN: 258747)
rory@qhplaw.com
QUINTANA HANAFI, LLP
870 Market St., Ste. 819
San Francisco, CA 94102
Telephone: (415) 504-3121
Fax: (415) 233-8770)

Attorney for Plaintiff
HEIDI FARRARA

TALIA L. DELANOY  (SBN:  239973)
tdelanoy@grsm.com
ANNETTE L. ROSE  (SBN:  311274)
arose@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825
Telephone:  (916) 830-6531
Facsimile:  (916) 920-4402

Attorneys for Defendant
DAY MANAGEMENT CORPORATION dba DAY WIRELESS SYSTEMS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI FARRARA, an individual,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>DAY WIRELESS SYSTEMS an Oregon corporation, inclusive,<br><br>                                    Defendants. | CASE NO. 2:20-cv-01157-TLN-DMC<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Complaint filed June 9, 2020 |

**IS HEREBY STIPULATED** by and between Plaintiff, Heidi Farrara ("Plaintiff"), and

Defendant Day Management Corporation ("Defendant") through their respective attorneys of

record, that in order to facilitate the exchange of information and documents, which may be

subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy

rights, the parties stipulate as follows:

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

1    **WHEREAS**, the parties expect that discovery in this action will encompass confidential

2    and proprietary documents and trade secrets of one or more parties, including without limitation

3    employee personnel files; workers' compensation files; human resources investigation

4    documents; employee performance evaluations, letters of counseling, disciplinary proceedings,

5    and related supporting documents; Plaintiff's medical records and psychiatric records;

6    communications between Plaintiff's medical provider and Defendant; training manuals; business

7    strategies, confidential and proprietary business records, internal communications and/or

8    processes or systems, and potentially other non-public information, such as medical or other

9    confidential information of Plaintiff or witnesses.

10   **THEREFORE**, it is hereby stipulated, and the parties hereby request, that the Court

11   enter a protective order as follows:

12   **I.**    **SCOPE:**

13   A.    This Protective Order shall limit the use and/or disclosure of documents,

14   deposition testimony, and related information which are, or which embody or disclose any

15   information, designated hereunder as "CONFIDENTIAL" and shall apply to:

16   1.    All such documents so designated in accordance with this Protective Order

17   and all information contained therein;

18   2.    Portions of deposition testimony and transcripts and exhibits thereto which

19   include, refer, or relate to any designated "CONFIDENTIAL" information;

20   3.    All information, copies, extracts, and complete or partial summaries

21   prepared or derived from information that was designated "CONFIDENTIAL";

22   4.    Portions of briefs, memoranda, or any writing filed with or otherwise

23   supplied to the Court under seal, which include or refer to any information designated

24   "CONFIDENTIAL"; and

25   5.    Any document exchange in connection with, or related to, any mediation,

26   or proposed mediation.

27   B.    Any person (i.e., any individual or entity) designating documents, testimony, or

28   other information as "CONFIDENTIAL" hereunder asserts that he, she, or it believes in good

*Gordon Rees Scully Mansukhani, LLP*
*3 Park Center Drive, Suite 200*
*Sacramento, CA 95825*

-2-

1    faith that such material is his, her, or its Confidential Information which is not otherwise

2    available to the public generally, or is Confidential Information which the person believes is or

3    may be encompassed by a pre-existing confidentiality agreement with any other person.

4              C.      "Confidential Information" is defined as documents, material, or testimony that is

5    private or constitutes and/or relates to (a) trade secrets; (b) business strategies, (c) internal

6    communications and/or processes or systems (d) employee personnel files; (e) workers'

7    compensation files; (f) human resources investigation documents; (g) employee performance

8    evaluations, letters of counseling, disciplinary proceedings, and related supporting documents;

9    (h) Plaintiff's medical records and psychiatric records; (i) communications between Plaintiff's

10   medical provider and Defendant; (j) training manuals; and (k) potentially other non-public

11   information, such as medical or other confidential information of Plaintiff or witnesses.

12            D.      Nothing in this Order and no party's designation of any document as

13   "CONFIDENTIAL" shall be construed to constrain, preclude, or otherwise affect the use

14   (including the ability to include the document or information in papers not filed under seal) of

15   another party's documents which are duplicates of such designated documents provided that such

16   duplicate documents were lawfully obtained by such party through means independent of the

17   discovery process.

18            E.      A party's or a non-party's failure to designate a document as its Confidential

19   Information where the document was produced by another party and designated by the producing

20   party as that party's Confidential Information shall not be construed to waive the non-

21   designating party's claim, with respect to present and future litigation between these or other

22   parties, that the document contains the non-designating party's Confidential Information.

23   Further, a party may later designate documents it has produced as CONFIDENTIAL even if

24   previously not designated as such, so long as the party in good faith determines that such

25   documents should have been designated as CONFIDENTIAL.

26   **II.      DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL":**

27            A.      Designation of a document as "CONFIDENTIAL" by the producing party or non-

28   party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

-3-

thereof.

B.      Designation of a deposition or other pretrial testimony, or portions thereof, as "CONFIDENTIAL" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "CONFIDENTIAL" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order, the court reporter, the deponent, and the deponent's attorney. Failure of any person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. Thereafter, any counsel may reopen the deposition into areas which the witness refused to answer after bringing a motion for protective order to resolve whether the person who refused to leave the deposition should be allowed to be present during questioning. After resolution of said motion, counsel shall be allowed to continue said deposition with respect to the questions, and lines of questioning, which the deponent refused to answer, though the court may order that the deposition continue outside the presence of the person who refused to leave the initial deposition. The applicable portions of such deposition transcripts shall be clearly marked "CONFIDENTIAL" on each page containing the Confidential Information.

D.      Any party or non-party may designate documents or portions of deposition transcripts as containing Confidential Information even if not initially marked as "CONFIDENTIAL" or in accordance with the terms of this Protective Order by so advising counsel for each party in writing within twenty-one (21) calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as Confidential Information. Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order. Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "CONFIDENTIAL" at the time he, she, or it first received it in connection with this action and shall mark all copies of such

-4-

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

1   documents in his, her, or its possession accordingly.

2   **III.     LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION:**

3           A.     No Confidential Information shall be disclosed by anyone receiving such

4   information to anyone other than those persons designated herein, and in no event shall

5   Confidential Information be used, either directly or indirectly, by anyone receiving such

6   information for any business, commercial or competitive purpose or for any purpose whatsoever

7   other than the preparation for or trial of this action in accordance with the provisions of this

8   Protective Order.

9           B.     Confidential Information designated "CONFIDENTIAL" shall not be disclosed

10   by any person who has received such information through discovery in this action to any other

11   person except to:

12           1.     Counsel for any party to this action and their respective associates, clerks

13   and employees involved in the conduct of this litigation;

14           2.     The parties hereto, and their present officers, directors and employees;

15           3.     Outside experts and consultants retained by a party for the purpose of

16   preparing or assisting in this litigation, and their respective clerks and employees

17   involved in assisting them in this litigation, to the extent deemed necessary by counsel;

18           4.     Any person who actually was involved in the preparation of the document

19   or who appears on the face of the document as the author, addressee, or other recipient or

20   currently is affiliated with the party that produced or appears to have prepared said

21   document;

22           5.     Court reporters and similar personnel, provided further that Confidential

23   Information filed with the Clerk of the Court shall be sealed subject to release only by

24   order of the Court or agreement of counsel;

25           6.     Deponents with respect to whom the attorney for the examining party

26   believes in good faith that disclosure of Confidential Information should be made in order

27   to conduct relevant examination of such deponent on topics about which the attorney in

28   good faith believes the deponent may have relevant information.  In the case of a

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

-5-

1    deponent who was not an author or recipient of the Confidential Information, and who

2    has not previously agreed to be bound by the terms of this Order, the attorney conducting

3    the examination shall limit disclosure of confidential information by any means

4    practicable (i.e., redaction or severance of non-relevant portions) to only that which is in

5    good faith required to conduct a meaningful examination of the witness, and shall show

6    all counsel a copy of said redacted document before showing it to the witness. Any

7    violation of this provision, or objection by counsel to showing the document to the

8    witness, shall entitle the objecting party to suspend the deposition as to the Confidential

9    Information at issue and any lines of questioning relating to the Confidential Information

10   at issue, and to apply to the Court for a further Protective Order or other appropriate

11   relief; and

12        7.    Any other person, either with the prior written consent of the party who

13   has designated such information as confidential or pursuant to a Court order.

14        8.    The jury, judge and court personnel at time of trial.

15        C.    Before any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii) or 3(c)(vi)

16   receives or is shown any document or information which has been designated as confidential,

17   such person shall be given a copy of this Protective Order and shall agree in writing, in the form

18   of the "Agreement to be Bound By Terms Of The Protective Order" attached hereto as

19   Exhibit A, to be bound by the terms hereof. The original of each such Acknowledgment and

20   Agreement shall be maintained by counsel, and transmitted by facsimile to all other counsel of

21   record. If any counsel objects to showing the signatory documents subject to this Order, the

22   objecting party shall give facsimile notice of its objections and the grounds therefore and shall

23   have five business days to file and serve a motion for protective order. If no objection is raised or

24   no motion for protective order is filed and served within five days thereafter, all objections to

25   showing the signatory documents shall be waived and the signatory may be shown the

26   documents subject to this Order. If the person does not so agree, the person may not be shown

27   the document until after a motion for protective order is brought and an order obtained

28   preventing the person from misusing any information in the document.

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

D.     Nothing in this Protective Order shall be construed to require execution of the written Acknowledgment and Agreement referred to in paragraph 3(d) above, or to prevent disclosure of Confidential Information, by the party producing and designating such Confidential Information, or by any employee of such party.

**IV.   FILE UNDER SEAL:**

All Confidential Information filed with the Court and any pleading or other paper containing Confidential Information shall be filed under seal and marked:

"CONFIDENTIAL INFORMATION. This envelope contains documents that are subject to a Protective Order of this Court and shall not be opened or unsealed by anyone except the Court or its staff, without the prior written consent of counsel for the parties hereto or pursuant to order of this Court. If the contents of this envelope are so unsealed, they shall thereafter be resealed."

The envelope shall not be opened without further order of the Court.

Nothing shall be filed under seal, and the court shall not be required to take any action, without a separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

**V.   CHALLENGE TO CONFIDENTIALITY DESIGNATION:**

A.     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to  a Designating Party's confidentiality is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

-7-

1  faith and must begin the process by conferring directly (in voice to voice dialogue; other forms

2  of communication are not sufficient) within 14 days of the date of service of notice. In

3  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

4  designation was not proper and must give the Designating Party an opportunity to review the

5  designated material, to reconsider the circumstances, and, if no change in designation is offered,

6  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

7  stage of the challenge process only if it has engaged in this meet and confer process first or

8  establishes that the Designating Party is unwilling to participate in the meet and confer process in

9  a timely manner.

10     C. <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

11  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

12  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

13  of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

14  confer process will not resolve their dispute, whichever is earlier. Each such motion must be

15  accompanied by a competent declaration affirming that the movant has complied with the meet

16  and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

17  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

18  shall automatically waive the confidentiality designation for each challenged designation. In

19  addition, the Challenging Party may file a motion challenging a confidentiality designation at

20  any time if there is good cause for doing so, including a challenge to the designation of a

21  deposition transcript or any portions thereof. Any motion brought pursuant to this provision must

22  be accompanied by a competent declaration affirming that the movant has complied with the

23  meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in

24  any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those

25  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

26  other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has

27  waived the confidentiality designation by failing to file a motion to retain confidentiality as

28  described above, all parties shall continue to afford the material in question the level of

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

-8-

1  protection to which it is entitled under the Producing Party's designation until the court rules on

2  the challenge.

3  **VI.    SURVIVAL OF ORDER - RETURN OF DOCUMENTS:**

4      A.    The provisions of this Order shall continue in effect until otherwise ordered by the

5  Court after notice and an opportunity to be heard is afforded to the parties to this action. The

6  final determination or settlement of this action shall not relieve any person who has received

7  Confidential Information or agreed to be bound by the terms of this Protective Order of his, her,

8  or its obligations hereunder. This Court shall retain jurisdiction after such final determination or

9  settlement to enforce the provisions of this Order. Upon completion of the litigation, all

10  documents (including copies of documents) containing Confidential Information shall be

11  destroyed or returned to counsel for the producing party, except that the parties' respective

12  attorneys of record may retain one copy of each such document for use in connection with any

13  disputes which may arise under the Court's retention of jurisdiction as provided for herein.

14  Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall

15  notify the attorneys for the producing party that such return or destruction occurred.

16      B.    Except as provided in Sections 4 or 7 hereof, documents or things containing the

17  other party's Confidential Information shall at all times be in the physical possession of those

18  persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises

19  regularly maintained by such counsel of record as and for their respective law offices, or

20  otherwise in their sole custody or control.

21  **VII.    USE OF OWN DOCUMENTS BY PRODUCING PARTY:**

22      Nothing in this Protective Order shall limit the use by any party or other person of his,

23  her or its own document(s) or information, or any other documents or information obtained

24  independently of discovery, even if such document(s) or information have been designated as

25  "CONFIDENTIAL."

26  **VIII.    APPLICATIONS TO COURT:**

27      A.    This Protective Order shall not preclude or limit any party's right to oppose or

28  object to discovery on any ground which otherwise would be available. This Protective Order

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

B.      Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

C.      The parties hereby, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order. The remedies set forth in this Section 8(c) are not exclusive to any other remedies that an aggrieved party may elect to pursue.

## IX.    NO ADMISSIONS:

Neither entering into this Stipulation for Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL" shall be construed as an agreement or admission (1) that any document or information designated as "CONFIDENTIAL" or" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL." This Order is not intended to modify or waive the provisions of the Federal Rules of Civil Procedure or the Evidence Code. This Order does not require the production of documents or information that would otherwise be non-discoverable.

Stipulation and Protective Order                                                    2:20-cv-01157-TLN-DMC

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

**X.     SUBPOENA BY OTHER COURTS OR AGENCIES:**

If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

**XI.    MODIFICATION - FURTHER AGREEMENTS:**

Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or preclude the parties from entering into other written agreements designed to protect Confidential Information.

Further, the Court may modify the protective order in the interests of justice or for public policy reasons.

**XII.   COUNTERPARTS:**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

I hereby consent to the form, substance of this agreement and consent to entry of this agreement as an order.


DATED:                          QUINTANA HANAFI, LLP


                                By:_____/s/_____
                                    Rory Quintana
                                    Attorneys for Plaintiff
                                    HEIDI FARRARA


DATED:                          GORDON REES SCULLY MANSUKHANI, LLP


                                By:_____/s/_____
                                    Annette L. Rose
                                    Attorneys for Defendant
                                    DAY MANAGEMENT CORPORATION
                                    dba DAY WIRELESS SYSTEMS

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

-11-

**<u>ORDER</u>**

In addition to the above Stipulation between the parties–which the Court adopts in its entirety–the Court further ORDERS parties seeking to file a document falling within this Protective Order to comply with Local Rule 141. Within five (5) days of filing of any confidential document under seal, the party shall file a redacted copy of the document so filed. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated:  November 6, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

**Gordon Rees Scully Mansukhani, LLP**
**3 Park Center Drive, Suite 200**
**Sacramento, CA 95825**

-12-

Stipulation and Protective Order                    2:20-cv-01157-TLN-DMC